NOT DESIGNATED FOR PUBLICATION

No. 114,166

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MAGNUM LAVON SHEA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Rawlins District Court; GLENN D. SCHIFFNER, judge. Opinion filed April 8, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

*Per Curiam*:  Magnum Shea appeals the revocation of his probation and the imposition of the underlying prison sentence. We granted Shea's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State did not file a response. Finding no error, we affirm.

In October 2013, Shea pleaded guilty to one count of trafficking contraband in a penal institution. The district court suspended Shea's 27-month prison sentence, with 24 months of postrelease supervision, and sentenced him to 24 months' probation. A year later, Shea's probation officer alleged that Shea had violated his probation, including that he had absconded. The State then filed a motion to revoke Shea's probation.

1

At the revocation hearing, Shea admitted to having violated the terms of his probation, as alleged in the officer's affidavit. He requested that his probation be reinstated, arguing that he had not taken his addiction seriously, that he was taking programs and classes to deal with his problems, and that he wanted another try at probation. The district court revoked Shea's probation and imposed the underlying prison sentence. Shea now appeals.

On appeal, Shea conclusorily argues that the district court abused its discretion by revoking his probation and imposing the underlying prison sentence. But he presents no arguments in support of that assertion and acknowledges that a district court has discretion to revoke a defendant's probation if the defendant has violated his or her probation. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Shea also recognizes that judicial discretion is not abused if a reasonable person would have taken the district court's position. See *State v. Robertson*, 279 Kan. 291, 308, 109 P.3d 1174 (2005).

Shea admitted that he had violated the terms of his probation, including having absconded from supervision. Because Shea violated his probation, the district court had discretion to revoke his probation. See *Gumfory*, 281 Kan. at 1170. Having reviewed the record, we conclude that a reasonable person would have taken the district court's position and would have revoked Shea's probation and imposed the underlying prison sentence. The district court therefore did not abuse its discretion.

Affirmed.